RAMONA MORALES BERRÍOS, Plaintiff and Appellee, *v.* DOLORES CABRERA DE SALAZAR, Defendant and Appellant; HERMINIA RUIZ ROBERT, Defendant.

No. 6365. Argued June 21, 1934.—Decided June 24, 1935.

Carlos J. Torres and Joaquín Vendrell for appellant: Celestino Benítez for appellee.

Mr. Justice Wolf delivered the opinion of the court.

A simple creditor, Ramona Morales Berríos, obtained judgment against husband and wife, Víctor L. Lokpez and Herminia Ruiz Robert, in the sum of $2,000 and interest. Previously thereto the said debtors had mortgaged three pieces of property to Pedro Salazar y Schuck in the sum of $15,000, etc. The latter died and was succeeded by his wife, Dolores Cabrera, widow of Salazar. The latter began a mortgage proceeding under the summary process of the Mortgage Law. Herminia Ruiz Robert became the sole debtor. In the course of this mortgage proceeding the creditor therein attached, or sought to attach, the rents produced from one of the three mortgaged properties. This was done by stipulation and with the complete consent of Herminia Ruiz Robert. Ramona Morales Berríos, the simple judgment creditor, brought suit for the nullity of the attachment against the rents, and herself in the same suit attached the said rents. The District Court of San Juan annulled the attachment against the said rents obtained within the mortgage proceeding.

The form of the attachment is not completely clear to us, but both parties agree that the said rents were attached in the said mortgage suit. The judgment in the present action was rendered on the pleadings, all the facts of both the complaint and answer being accepted. It was conceded that the judgment creditor, the appellee here, could not make good her claim by reason of the attachment of the rents, the only apparent existing property subject to execution.

■ We are thoroughly agreed with the court below that the summary process of the Mortgage Law is limited to the mortgaged premises and can not be extended to the rents produced by one of the mortgaged properties. *Manrique* v. *Registrar*, 33 P.R.R. 520; *García* v. *Villarrubia*, 42 P.R.R. 85; *Paradís* v. *Fernández*, 47 P.R.R. 304. These cases, it is true, cover attempts to reach property not subject to the mortgage sought to be enforced, but the same reasoning is applicable to attempts to reach rents under such summary process.

After the court had recited the nature of the stipulation it went on to say:

"The stipulation of December 12, 1931, between the defendants in the present case, who were the parties to the summary foreclosure proceeding, to have the amount attached applied first to the payment of $1,500 for costs, disbursements and attorney's fees and then to the unpaid balance of the principal, can not prejudice the plaintiff, who is a third party and who in the present case and, by reason of the nullity of the attachment made in the summary foreclosure proceeding, secured, on April 27, 1932, against the defendants herein, an order for the effectiveness of the judgment, restraining them from disposing of the amount of the rents accrued still in the possession of Angel Fernández, who was ordered to deposit them in the office of the clerk of the court as well as any others to be received by him on that score. But subsequently, on July 20, 1932, approval was given to the bond furnished by defendant Dolores Cabrera widow of Salazar, pursuant to section 15 of the Act to secure the effectiveness of judgments, discharging the attachment with the sureties John Callender and A. F. W. Haeusler binding themselves up to the sum of $1,911.16 judicially deposited with Angel Fernández to answer for any judgment that might be rendered against the said Dolores Cabrera widow of Salazar."

The appellant discusses with some show of reason that the appellee is not a third person. We ourselves have had some doubts as to whether the debtor and creditor might not validly get together anywhere, even in the course of a summary mortgage proceeding.

 On the whole, however, we are satisfied that the rents could only be legally attached in some ordinary or other action, but not in the summary proceeding; that the court could not be used as a medium to cover the relations between the parties and a possible fraud.

The appellee also shows that the mortgaged property from which the rents proceeded was in the auction sale adjudicated to the creditor for $9,000, when the mortgage was only $6,000; that the mortgage became settled and the rents, so to speak, freed. The argument then is that the money deposited in the hands of Angel Fernández, as expressed in the opinion, became subject to the attachment of the plaintiff. Section 1264 of the Civil Code provides:

"Contracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors.

"Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure of property has been issued, shall also be presumed fraudulent."

The parties had no right to create a fund or divert one from the claims of creditors. What the parties attempted to do should be considered an alienation.

The judgment should be affirmed.